United States District Court
Southern District of Texas
**ENTERED**
September 30, 2022
Nathan Ochsner, Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

|  |  |  |
|---|---|---|
| ISAAC R.,[1] | § § § | |
| *Plaintiff,* | § § | No. 4:21-cv-01654 |
| v. | § § | |
| KILOLO KIJAKAZI,<br>Acting Commissioner of Social<br>Security, | § § § § | |
| *Defendant.* | § § | |

## <u>MEMORANDUM AND ORDER</u>

Plaintiff Isaac R. ("Plaintiff") filed this suit seeking judicial review of an administrative decision. Pl.'s Compl., ECF No. 1. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("SSA") ("Commissioner" or "Defendant"), denying Plaintiff's claim for disability insurance benefits under Title II of the Social Security Act ("the Act").[2] The Parties filed cross-motions for summary judgment. Pl.'s MSJ,

---

[1] Pursuant to the May 1, 2018 "Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions" issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court uses only Plaintiff's first name and last initial.

[2] On December 6, 2021, based on the parties' consent, the case was transferred to this Court to conduct all proceedings pursuant to 28 U.S.C. § 636(c). Def.'s Consent, ECF No. 10; Pl.'s Consent, ECF No. 9; Order Transferring, ECF No. 11.

ECF No. 15; Def.'s MSJ, ECF No. 17. Plaintiff challenges the Administrative Law Judge's ("ALJ") determination, arguing that the ALJ's finding that Plaintiff is not disabled was not supported by substantial evidence and is the result of legal errors. Pl.'s MSJ Brief, ECF No. 16. Defendant counters, asserting that the ALJ carefully reviewed the record, delineated his findings with attention to the full record, and pointed to substantial evidentiary support for his findings. ECF No. 17. Based on the briefing, the law, and the record, the Court determines that substantial evidence supports the ALJ's determination. Therefore, Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

## I.   BACKGROUND

Plaintiff is 47 years old, R. 97,[3] and completed some college, R. 108, who previously worked as a restaurant manager and fast-food manager. R. 288. He alleges a disability onset date of March 3, 2014. R. 209. Plaintiff claims he suffers from physical and mental impairments. R. 209.

On November 3, 2018, Plaintiff filed his application for disability insurance benefits under Title II of the Act. R. 228–229. Plaintiff based[4] his application on

---

[3] "R." citations refer to the electronically filed Administrative Record, ECF No. 8.

[4] The relevant time period is March 3, 2014—Plaintiff's alleged onset date—through March 31, 2020—Plaintiff's last insured date. R. 16. The Court will consider medical evidence outside this period to the extent it demonstrates whether Plaintiff was under a disability during the relevant time frame. *See Williams v. Colvin,* 575 F. App'x 350, 354 (5th Cir. 2014); *Loza v. Apfel*, 219 F.3d 378, 396 (5th Cir. 2000).

high cholesterol, sleep apnea, back problem, thyroid disorder, hip problem, knee problem, Hashimoto's disease, obesity, depression, and acid reflux. R. 264. The Commissioner denied his claim initially, R. 164-67, and on reconsideration, R. 171-73.

A hearing was held before an ALJ. R. 15. An attorney represented Plaintiff at the hearing. *Id*. Plaintiff and a vocational expert ("VE") testified at the hearing. *Id*. The ALJ issued a decision denying Plaintiff's request for benefits.[5] R. 12–33. The Appeals Council denied Plaintiff's request for review, thus upholding the ALJ's decision to deny disability benefits. R. 1-6.

Plaintiff appealed the Commissioner's ruling to this court. ECF No. 1.

---

[5] An ALJ must follow five steps in determining whether a claimant is disabled. 20 C.F.R. § 416.920(a)(4). The ALJ here determined Plaintiff was not disabled at step five. R. 28. At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity during the period from his alleged onset date through his date last insured. R. 18 (citing 20 C.F.R. 404.1571 *et seq*.). At step two, the ALJ found that Plaintiff has the following severe impairments: degeneration of the back, hips, and knees, Hashimoto's thyroiditis, morbid obesity, and depression. R. 18 (citing 20 C.F.R. 404.1520 (c)). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in the regulations that would lead to a disability finding. R. 18-19 (referencing 20 C.F.R. 404.1520(d), 404.1525, and 404.1526). The ALJ found that Plaintiff has the RFC to perform light work as defined in 20 CFR § 404.1567(b). R. 14. The ALJ determined that through the date last insured, Plaintiff is able to perform sedentary work except after thirty minutes of sitting he needs to stand for 1-2 minutes while remaining on task. R. 26. The ALJ also determined that Plaintiff can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs, but can never climb ladders, ropes, or scaffolds. *Id*. He is limited to simple routine tasks and can make simple work-related decisions. *Id*. Finally, Plaintiff will be off task five percent of the time. *Id*. At step 4, the ALJ concluded that Plaintiff could not perform any past relevant work. R. 26. At step 5, the ALJ found that Plaintiff was capable of making a successful adjustment to other work that existed in significant numbers in the national economy. R. 28. Therefore, the ALJ concluded that Plaintiff was not disabled. *Id*.

## II.  THE STANDARD OF REVIEW OF THE COMMISSIONER'S DECISION.

The Social Security Act provides for district court review of any final decision of the Commissioner that was made after a hearing in which the claimant was a party. 42 U.S.C. § 405(g). In performing that review:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner …, with or without remanding the cause for a rehearing. The findings of the Commissioner … as to any fact, if supported by substantial evidence, shall be conclusive[.]

*Id.*

Judicial review of the Commissioner's decision denying benefits is limited to determining whether that decision is supported by substantial evidence on the record as a whole and whether the proper legal standards were applied. *Id.*; *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001); *Loza*, 219 F.3d at 393. "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotations omitted). It is "more than a scintilla but less than a preponderance." *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). The "threshold for such evidentiary sufficiency is not high." *Biestek*, 139 S. Ct. at 1154.

The Court weighs four factors to determine "whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability;

4

and (4) the claimant's age, education, and work history." *Conley-Clinton v. Saul*, 787 F. App'x 214, 216 (5th Cir. 2019) (citing *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995)).

A reviewing court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner, even if the evidence preponderates against the Commissioner's decision. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). Even so, judicial review must not be "so obsequious as to be meaningless." *Id.* (quotations omitted). The "substantial evidence" standard is not a rubber stamp for the Commissioner's decision and involves more than a search for evidence supporting the Commissioner's findings. *Singletary v. Brown*, 798 F.2d 818, 822–23 (5th Cir. 1986); *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). Rather, a reviewing court must scrutinize the record as a whole, taking into account whatever fairly detracts from the substantiality of evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 823. "Only where there is a 'conspicuous absence of credible choices or no contrary medical evidence' will we find that the substantial evidence standard has not been met." *Qualls v. Astrue*, 339 F. App'x 461, 464 (5th Cir. 2009).

## III.   THE SHIFTING BURDEN OF PROOF IN DISABILITY CASES.

An individual claiming entitlement to disability insurance benefits under the Act has the burden of proving his disability. *Johnson v. Bowen*, 864 F.2d 340, 343–

44 (5th Cir. 1988). The Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d) (1)(A) (2000). The impairment must be proven through medically accepted clinical and laboratory diagnostic techniques. *Id.* § 423(d)(3). The impairment must be so severe that the claimant is "incapable of engaging in any substantial gainful activity." *Foster v. Astrue*, No. H-08-2843, 2011 WL 5509475, at *6 (S.D. Tex. Nov. 10, 2011) (citing *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992)). A claimant is eligible for benefits only if the onset of the impairment started by the date the claimant was last insured. *Id.* (citing *Ivy v. Sullivan*, 898 F.2d 1045, 1048 (5th Cir. 1990)).

The Commissioner applies a five-step sequential process to determine disability status. *Foster*, 2011 WL 5509475, at *7. The claimant bears the burden of proof at the first four steps to establish that a disability exists. *Farr v. Astrue*, No. G-10-205, 2012 WL 6020061, at *2 (S.D. Tex. Nov. 30, 2012). The burden shifts to the Commissioner at step five to show that the claimant can perform other work. *Id.* The burden then shifts back to the claimant to rebut this finding. *Id.* If at any step in the process the Commissioner determines that the claimant is or is not disabled, the evaluation ends. *Id.*

## IV.   DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT.

Plaintiff raises two issues. First, Plaintiff argues that the ALJ improperly evaluated Dr. Goel's medical opinion. ECF No. 16 at 7. Second, Plaintiff contends that the ALJ's assessment of Plaintiff's subjective complaints was not supported by substantial evidence. ECF No. *Id*. at 11.[6] Defendant responds that substantial evidence supports the ALJ's residual functional capacity ("RFC") determination. ECF No. 17 at 4. Defendant also maintains that the ALJ properly assessed Plaintiff's subjective complaints. *Id*. at 10. The Court will consider each argument in turn.

### A. The RFC Analysis.

Between the third and fourth steps of the sequential analysis, the ALJ must decide the claimant's RFC, "which is defined as the most the claimant can still do despite his [or her] physical and mental limitations . . . based on all relevant evidence in the claimant's record." *Winston v. Berryhill*, 755 F. App'x 395, 399 (5th Cir. 2018) (citation omitted). The RFC determination is the "sole responsibility of the ALJ." *Taylor v. Astrue*, 706 F.3d 600, 602–03 (5th Cir. 2012) (quoting *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995)).

When making the RFC determination, the ALJ must consider all medical

---

[6] Plaintiff identified a third issue in his brief: "The ALJ's assessment of the mental health opinion is unsupported by substantial evidence due to lack of adequate guidance from opining sources." ECF No. 16 at 6. However, the brief contains no argument on that issue. Accordingly, the Court need not address it. *Boggs v. Krum Indep. Sch. Dist.*, 376 F. Supp. 3d 714, 722 (E.D. Tex. 2019) ("A party waives an issue if he fails to adequately brief it.") (quotations omitted).

opinions contained in the record. *Winston*, 755 F. App'x 399; 42 U.S.C. § 405(b)(1). The ALJ must "incorporate limitations into the RFC assessment that were most supported by the record." *Conner v. Saul*, No. 4:18-CV-657, 2020 WL 4734995, at *8 (S.D. Tex. Aug 15, 2020) (citing *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991)). The revised Social Security guidelines[7] require consideration of several factors, the most important of which are consistency and supportability. 20 C.F.R. § 404.1520c(b).[8] Under these guidelines, the ALJ must articulate how persuasive he finds each of the opinions in the record. 20 C.F.R. § 404.1520c(b).[9] As an administrative factfinder, the ALJ is entitled to significant deference in deciding the appropriate weight to accord the various pieces of evidence in the record, including the credibility of medical experts and the weight to be accorded their opinions. *See Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985).

### B. The ALJ Properly Weighed The Persuasiveness Of Dr. Goel's Opinion.

Plaintiff argues that the ALJ failed to comply with the SSA's regulations in

---

[7] Because Plaintiff filed his claim on November 3, 2019, the ALJ was required to follow the revised guidelines in conducting Plaintiff's RFC assessment. 20 C.F.R. § 404.1520c(a); *Winston*, 755 F. App'x at 402, n. 4.

[8] These factors include supportability, consistency, the physician's relationships with Plaintiff, the physician's specialization, evidence showing the medical source is familiar with the other evidence in the claim, or that the medical source understands the disability program's policies and evidentiary policies. *Id.*

[9] The revised guidelines have eliminated the former requirement that the ALJ give deference to the opinions of treating physicians. *Garcia v. Saul*, No. SA-19-CV-01307-ESC, 2020 WL 7417380, at *4 (W.D. Tex. Dec. 18, 2020) (explaining that despite the revised regulations, previous decisions are still relevant as supportability and consistency have always been the most important considerations.).

considering the persuasiveness of Dr. Goel's opinion. ECF No. 16 at 7-10. Specifically, Plaintiff contends that the ALJ's analysis of the supportability and consistency factors was not supported by substantial evidence. *Id*.

### 1. *The ALJ properly assessed the supportability of Dr. Goel's opinion.*

The supportability factor evaluates how "relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s)." 20 C.F.R. § 416.920c(c)(1). In other words, "supportability looks internally to the bases presented by the medical opinion itself." *Sharon H. v. Kijakazi*, No. 5:21-CV-167-H, 2022 WL 3951488, at *3 (N.D. Tex. Aug. 31, 2022). "In articulating how they considered the supportability factor, ALJs may note that the physician's own treatment notes do not support the physician's opinion, that the physician's opinion stems from a checklist, that the physician did not consider certain evidence, did not examine the claimant, or did or did not provide a detailed explanation for [their] opinion." *Starman v. Kijakazi*, No. 2:20-CV-00035-SRC, 2021 WL 4459729, at *4 (E.D. Mo. Sept. 29, 2021) (citations omitted) (collecting sources).

Dr. Goel submitted two medical source statements opining on Plaintiff's mental and physical health, respectively. Dr. Goel's first medical source statement was a mental capacity assessment check box form. R. 419-21. Dr. Goel's mental capacity assessment diagnosed Plaintiff with low back pain and sciatica. R. 419.

Dr. Goel then proceeded to rate Plaintiff as moderately limited in the areas of "understanding remembering or applying information," "concentration, persistence, or maintaining pace," "adapting or managing oneself," and "interacting with others." R. 419-21. The explanation Dr. Goel provided for his opinion that Plaintiff was moderately limited in each of these areas was that Plaintiff "is aware of his surroundings." R. 419-21. Dr. Goel provided no other explanation or support for his opinion. Dr. Goel's second medical source statement was a physical assessment check box form. R. 422-23. Dr. Goel checked yes on the portion of the form that asked if Plaintiff would need to recline or lie down during a workday in excess of 60-90 minutes. R. 422-23. Dr. Goel opined that Plaintiff could sit for at most one hour and could stand/walk zero hours during a workday. R. 422-23. Dr. Goel further opined that Plaintiff would be absent from work more than four times a month due to his medical condition. R. 423. Dr. Goel provided no explanation for these limitations.

The ALJ found Dr. Goel's opinions unpersuasive. R. 22-23. The ALJ first addressed and discounted Dr. Goel's mental functional assessment. R. 22. The ALJ noted that the mental function assessment was "odd" because its diagnosis was based on back pain as opposed to any mental health issue. R. 22. The ALJ also discounted the mental function assessment because it was "simply a check box" and Dr. Goel provided "no other explanation than [Plaintiff] was 'aware of his surroundings.'"

R. 22 (quoting R. 419-21). There is no rational connection between the mental limitations Dr. Goel opined on and his explanation that Plaintiff was aware of his surroundings. Regarding Dr. Goel's physical assessment, the ALJ noted that it "too was just a check box and gave no explanation." R. 23. Ultimately, the ALJ did not find Dr. Goel's opinions persuasive because they were "not supported by any examination, treatment notes, or explanation" and were "inconsistent with the claimant's relatively normal examination findings" up to October 2018. R. 23.

Plaintiff argues that the ALJ erred because Dr. Goel's opinion "was well supported by treatment notes and consistent with other evidence in the medical record." ECF No. 16 at 8. In support of his first contention, Plaintiff cites treatment notes from November 2015, February 2019, and November 2019. *Id.* However, treatment notes from after an opinion was rendered cannot form the basis for that opinion, and, therefore, are not considered when evaluating supportability. *See* 20 C.F.R. § 416.920c(c)(1) (The supportability factor evaluates how "relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s)"); *Carol Ann M. v. Kijakazi*, No. 20-CV-00543-BLW-CWD, 2021 WL 6622135, at *3 (D. Idaho Oct. 20, 2021), *report and recommendation adopted sub nom. Mealer v. Kijakazi*, No. 20-CV-00543-BLW-CWD, 2022 WL 204352 (D. Idaho Jan. 24, 2022) ("The supportability factor looks inward at the medical opinion's bases"); *Vaughn v. Comm'r of Soc. Sec.*,

No. 20-CV-1119-TMP, 2021 WL 3056108, at *12 (W.D. Tenn. July 20, 2021) (observing that supportability looks to the evidence upon which a medical opinion is based).

As the ALJ observed, Dr. Goel's treatment notes from before October 2018 do not support the stringent limitations in his opinion.[10] Significantly, Dr. Goel's July 23, 2018 examination of Plaintiff—just three months before rendering his opinion—does not support his opinion. As the ALJ noted, Dr. Goel observed that Plaintiff was alert, did not have an uncoordinated gait, had no motor impairment, and had no sensory deficit. R. 22 (citing R. 720 (7/23/18)). These observations do not support Dr. Goel's opinion that Plaintiff was limited to one hour of sitting per day and zero hours of standing. Even if observations made after a doctor renders their medical opinion go to supportability, Dr. Goel's post-October 2018 treatment notes do not support his opinion either. For example, and as the ALJ cited, R. 24, on August 14, 2019, Dr. Goel observed that Plaintiff had "[n]o uncoordinated gait, no motor impairment, [and] no sensory deficit," and counseled Plaintiff to exercise. R. 708-09 (8/14/19).

---

[10] *See* R. 664-65 (10/715) (noting "no acute distress" and counseling Plaintiff to exercise and lose weight); R. 662-63 (11/11/15) (noting "no acute distress"); R. 660-61 (2/10/16) ("ambulating well"), R. 656-59 (10/17/16) (noting that Plaintiff was "alert" and exhibited "normal mood and affect" and was "ambulating well"), R. 654-55 (11/9/16) (same), R. 652-53 (1/25/17) (same), R. 649-51 (5/31/17) (same); R. 647-48 (10/18/17) (counseled Plaintiff to "lose weight, exercise, and diet); R. 719-20 (7/23/18) ("no uncoordinated gait, no motor impairment"); R. 715-18 (9/10/18) (same).

Furthermore, Dr. Goel offered his opinion in check box form with little or no explanation. This alone would be sufficient for the ALJ to find that supportability weighed against finding Dr. Goel's opinion persuasive. *See Perez v. Barnhart*, 415 F.3d 457, 466 (5th Cir. 2005) (recognizing that a treating physician's opinion can be given little or no weight when they are "brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence") (quoting *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994)) (emphasis omitted); *M. v. Kijakazi*, No. 4:20-CV-01227, 2021 WL 3931057, at *5 (S.D. Tex. Sept. 2, 2021) (finding "opinion consist[ing] of conclusory check-box findings without further explanation . . . unpersuasive and not well supported"); *Conner*, 2020 WL 4734995 at *6 ("check-box form with almost no explanation, is precisely the type of conclusory opinion that need not be afforded controlling weight."); *Cuellar v. Saul*, No. 5:18-CV-175, 2020 WL 13413198, at *5 (S.D. Tex. June 2, 2020) ("an ALJ may discount the opinion of a treating physician for good cause when the treating physician's evidence is conclusory or unsupported by other evidence"). Plaintiff offers no argument on this point.

Accordingly, the Court finds that substantial evidence supported the ALJ's supportability analysis.

### 2. *The ALJ properly assessed the consistency of Dr. Goel's opinion.*

The consistency factor is "'an all-encompassing inquiry focused on how well

a medical source is supported, or not supported, by the entire record.'" *Shugart v. Kijakazi*, No. 3:21-CV-00007, 2022 WL 912777, at *3 (S.D. Tex. Mar. 29, 2022) (quoting *Vellone ex rel Vellone v. Saul*, No. 1:20-CV-00261 (RA) (KHP), 2021 WL 319354, at *6 (S.D.N.Y. Jan. 29, 2021), *report and recommendation adopted*, No. 20-CV-261 (RA), 2021 WL 2801138 (S.D.N.Y. July 6, 2021)). Therefore, consistency is an external inquiry that juxtaposes a medical opinion to other evidence in the record, including opinions of other medical professionals. *See Hubbard v. Comm'r of Soc. Sec.*, No. 4:20-CV-00588-BP, 2022 WL 196297, at *4 (N.D. Tex. Jan. 21, 2022) (comparing a doctor's opinion to that of two state agency medical consultants).

Plaintiff objects to the ALJ's evaluation of the consistency factor in assessing Dr. Goel's opinion. However, Plaintiff's argument is simply a disagreement with the ALJ's consideration of the consistency of Dr. Goel's opinion with the evidence in the record and a request for this Court to reweigh the evidence. This request is improper, the Court may not reweigh the evidence in the record, even if the evidence weighs heavily against the Commissioner's decision. *Brown*, 192 F.3d 496.

In any case, the evidence Plaintiff relies on— Dr. Okeke's January 7, 2019 DDS Evaluation and Dr. Villareal's December 12, 2019 treatment notes, ECF No. 16 at 9—is not consistent with Dr. Goel's opinions. Plaintiff notes that Dr. Okeke's DDS Evaluation recorded Plaintiff's reported difficulty showering, walking,

bending, getting on the floor, and experienced pain in the lower back, right hip, and knee; tenderness in the right hip, knee, and lumbar paraspinal muscles; and difficulty heel and tandem walking. *Id*. (citing R. 437). Although these portions of Dr. Okeke's evaluation are not inconsistent with the stringent limitations in Dr. Goel's opinion, they do not necessarily support them either. Moreover, Plaintiff ignores the portions of Dr. Okeke's evaluation that the ALJ considered and was inconsistent with Dr. Goel's opinions. For example, Dr. Okeke wrote that Plaintiff's "motor strength, sensation and reflexes are normal in upper and lower extremity," Plaintiff demonstrated "ability to sit, move about, lift, carry, handle objects," had "muscle strength 5/5 in all muscle groups", had normal gait, Plaintiff could squat, get back up, and hop, and Plaintiff had no memory or concentration issues. R. 23 (citing R. 435-38).

Likewise, Plaintiff's reliance on Dr. Villareal's treatment notes to support his argument that consistency weighed in favor of Dr. Goel's opinion is equally flawed. ECF No. 16 at 9 (citing R. 733-36 (12/19/19)). As with Dr. Okeke's DDS Evaluation, Dr. Villareal's treatment notes are *not* consistent with Dr. Goel's opinion. For example, Dr. Villareal noted that Plaintiff's sensation was consistent throughout except with a decrease in his right leg, had 5/5 motor strength throughout, and range of motion was within normal limits. R. 734 (12/19/19).

Plaintiff also ignores other evidence that the ALJ cited and that was

inconsistent with Dr. Goel's opinion. In fact, the ALJ meticulously recounted the record evidence and its inconsistencies with Dr. Goel's opinion—including the evidence from Drs. Okeke and Villareal. *Gonzales v. Kijakazi*, No. 4:20-CV-00270, 2021 WL 3777181, at *3 (S.D. Tex. Aug. 3, 2021) (courts may look beyond specific explanation of supportability and consistency in assessing whether ALJ complied with regulations). For example, the ALJ described the results of Dr. Gary Lew's August 24, 2016 consultative examination. This examination concluded that Plaintiff could walk without an assistive device, could heal walk, had reduced 3/5 grip strength, but could grip things, take his shoes on and off no problem, had normal 5/5 strength in his hips, 4/5 strength in his knees. R. 22 (citing R. 404-405 (8/24/16)). As described above, during Dr. Goel's July 23, 2018 examination, he observed that Plaintiff was alert, did not have an uncoordinated gait, had no motor impairment, and had no sensory deficit. R. 22 (citing R. 720 (7/23/18)). Dr. Goel also counseled Plaintiff to exercise. R. 720 (7/23/18). These treatment notes are not consistent with Dr. Goel's opinion that Plaintiff could only sit for one hour per day and could stand for zero hours per day.

Furthermore, and as the ALJ noted, Plaintiff's subjective complaints were not consistent with Dr. Goel's opinion. Plaintiff indicated on his March 28, 2019 function report that was able to care for his children, dogs, cook, do laundry, sew, perform minor repairs around the house drive and shop. R. 20 (citing R. 346-55).

Therefore, the ALJ's consistency analysis was supported by substantial evidence.

## C. The ALJ Properly Assessed Plaintiff's Subjective Complaints.

Plaintiff also argues that the ALJ erred in her RFC analysis because substantial evidence did not support her assessment of Plaintiff's subjective complaints. ECF No. 16 at 11. Plaintiff contends that the ALJ's explanation of her determination was boilerplate and lacked the specificity required. *Id.* at 12.

The ALJ "is entitled to determine the credibility of medical experts as well as lay witnesses and weigh their opinions accordingly." *Scott*, 770 F.2d 485. Under 20 C.F.R. § 404.15429, in evaluating the claimant's symptoms and pain, the ALJ must consider "all of the available evidence, including [the claimant's] medical history, the medical signs and laboratory findings, and statements about how [the] symptoms affect" the claimant. An ALJ's assessment of the weight to give a claimant's statements is "accorded great deference." *Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000).

Here, the ALJ's determination that Plaintiff's statements were "not entirely consistent with the medical evidence and other evidence in the record" was supported by substantial evidence. R. 22. The ALJ determined that:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of

these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

R. 22. Plaintiff's argument might have been supported if the ALJ's decision provided no further basis for discounting Plaintiff's subjective complaints. Instead, the ALJ carefully considered Plaintiff's hearing testimony, summarizing it as follows:

> The claimant alleges disability due to the above severe impairments. He alleges pain in his legs makes walking or being on his feet difficult. He alleges his Hashimoto's disease has made him gain a lot of weight, which affects his ability to perform most exertional and postural maneuvers. He alleges his legs hurt even if they are barely touched. He alleges he cannot be on his feet very long and must sit frequently. He alleges he misses too much work because of his impairments. He estimates he can walk 25-30 paces before having to sit, and he can lift a gallon of milk, but nothing over ten pounds (hearing testimony).

R. 22. Then the ALJ proceeded to discuss the evidence that was inconsistent with Plaintiff's testimony in detail. *See Pearce v. Saul*, No. CV SA-18-CA-1131-XR, 2020 WL 290017, at *15 (W.D. Tex. Jan. 21, 2020) (finding that recounting evidence inconsistent with Plaintiff's testimony sufficient to satisfy regulations). For example, the ALJ described a February 13, 2020 examination that included observations that Plaintiff's sensations were intact, he had 5/5 motor strength, and a range of motion that was mostly within normal limits. R. 24 (citing R. 766-67 (2/13/20)). The ALJ also noted that Plaintiff "is independent in his personal care and activities of daily living, including taking care of his four children and his dogs, cooking, laundry, sewing, doing minor repairs around the home, driving, shopping,

and managing finances." R. 24. Therefore, substantial evidence supported the ALJ's determination regarding Plaintiff's subjective complaints.

Even if the ALJ had erred in her assessment of Plaintiff's subjective complaints, Plaintiff would still have the burden of showing prejudice. *Jones v. Astrue*, 691 F.3d 730, 735 (5th Cir. 2012) ("The party seeking to overturn the Commissioner's decision has the burden to show that prejudice resulted from an error."). Here, Plaintiff does not even attempt to show that his testimony is inconsistent with the ALJ's RFC determination or other evidence would have altered the determination.[11] *Hernandez v. Saul*, No. EP-18-CV-00055-MAT, 2019 WL 4482942, at *7 (W.D. Tex. Sept. 18, 2019) (finding no prejudice where plaintiff failed to show or argue with any specificity that error would have altered result).

Therefore, even if there was a procedural error, it was harmless, and reversal is not warranted.

## V. CONCLUSION

The Court **DENIES** Plaintiff's motion for summary judgment, ECF No. 15, and **GRANTS** the Commissioner's motion for summary judgment, ECF No. 17. The Commissioner's determination that Plaintiff is not disabled is **AFFIRMED**

---

[11] "The undersigned finds the claimant can perform sedentary work except after 30 minutes of sitting he needs to stand for 1-2 minutes while remaining on task. He can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs, but can never climb ladders, ropes, or scaffolds. He is limited to simple routine tasks and can make simple work related decisions. He will be off task 5 percent of the time." R. 26.

Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

**SIGNED** at Houston, Texas, on September 30, 2022.

**Dena Hanovice Palermo**
**United States Magistrate Judge**